IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERTO CUEVAS-HERNANDEZ, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> LAWRENCE WASDEN, ) <br> ) <br> Respondent. ) <br> _____ ) | Case No. CV 07-0174-S-LMB <br><br> **MEMORANDUM DECISION** <br> **AND ORDER** |

Pending before the Court in this habeas corpus matter is Petitioner's Motion for Discovery and Additional Time. Petitioner seeks leave of Court to conduct discovery before responding to the Court's Order calling for supplemental briefing on issues of equitable tolling and cause and prejudice. Respondent objects to authorizing discovery in this case but does not object to an extension of time.

The Court finds that the decisional process will not be aided by oral argument, and it shall resolve this matter on the written submissions. D. Idaho L. Civ. R. 7.1(d). For the reasons set forth more fully herein, Petitioner's Motion will be granted in part and denied in part.

I.

BACKGROUND

After a jury trial in state district court, Petitioner was convicted of possession of cocaine, possession of methamphetamine, delivery of cocaine, and delivery of

**ORDER - 1**

methamphetamine. (State's Lodging A-1, pp. 63-66.) The state trial court ordered the sentences on each of these convictions to be served consecutively, for a total controlling term of 16 to 60 years in prison. (State's Lodging A-1, pp. 71-78.) The Idaho Court of Appeals affirmed the judgment on appeal, and the Idaho Supreme Court declined to review the case. (State's Lodgings B-1, B-6.)

While the case was still pending on appeal, but before the Idaho Supreme Court issued its Remittitur, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. (Case No. CV 04-0026-S-LMB.) On February 9, 2004, the Court dismissed the case without prejudice for failure to exhaust state court remedies. (Case No. CV 04-0026-S-LMB, Docket No. 6.)

Apparently nothing was pending in state or federal court for nearly three years, when Petitioner initiated the current federal habeas action. (Docket No. 1.) In its Initial Review Order in the new case, the Court noted that the Petition appeared to be untimely, and the Court provided Petitioner with an opportunity to demonstrate that the action should not be dismissed. (Docket No. 2, p. 4.) In his Response, Petitioner claimed that he had hired an attorney, John J. Bujak, to represent him in post-conviction matters in 2004, but Mr. Bujak failed to inform him for two years that the first habeas Petition had been dismissed. (Docket No. 5, p. 1-2.)

The Court thereafter ordered Respondent to file an Answer to the Petition. (Docket No. 6.) With his Answer, Respondent also filed a Motion for Summary Judgment, arguing that the case must be dismissed because it is untimely, the single

ORDER - 2

habeas claim raised therein is procedurally defaulted, and the claim lacks merit. (Docket Nos. 12, 14.) Petitioner responded, in pertinent part, by asserting that the limitations period should be equitably tolled and any procedural default excused because of Mr. Bujak's complete failure to act after he was retained, and because Petitioner had been denied access to the legal documents in his case for several years. (Docket Nos. 26, pp. 1-5.)

The Court has since denied Respondent's Motion for Summary Judgment without prejudice to reconsideration and granted Petitioner's request to amend his Petition with several new claims. (Docket No. 29, p. 3.) The Court also appointed counsel to assist Petitioner in preparing and filing a supplemental brief, together with any supporting documentation, addressing whether he is entitled to equitable tolling and whether he can show cause and prejudice to excuse any procedural default. (Docket No. 29, p. 3.)

Petitioner's counsel has now requested an extension of time to submit the supplemental brief, and she has asked for permission to engage in civil discovery. The Motion is fully briefed, and the Court is prepared to issue its ruling.

## II.

## STANDARD OF LAW

A habeas petitioner, unlike a traditional civil litigant, is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997). Instead, Rule 6 of the Rules Governing Section 2254 Cases allows petitioners to conduct discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown

**ORDER - 3**

grants leave to do so, but not otherwise."[1]  *Id*.

Good cause generally exists when there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *See Bracy*, 520 U.S. at 908-09 (*citing Harris v. Nelson*, 394 U.S. 286, 295 (1969)).  A request for discovery in a habeas case will not be granted unless it is supported by specific factual detail.  *See Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999); *see also Abut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

### III.

### DISCUSSION

Petitioner seeks the following items in discovery:

(1)  A copy of trial counsel's files in this case;

(2)  All police reports, witness and co-defendant statements, audio recordings, and "any and all evidence against Petitioner Cuevas and his co-defendants";

(3)  A copy of the prosecutor's files and notes (excluding work product);

(4)  A copy of John Bujak's file, including any electronically maintained notes, emails, or other documents;

(5)  A copy of the prosecutor's files, police reports, audio records, video

---

[1] Because the Court has called for supplemental briefing and supporting evidence on issues of equitable tolling and cause and prejudice, rather than on the merits, the discovery request will be limited to those procedural issues.  28 U.S.C. § 2254(e)(2), which restricts new evidentiary development in federal court on the merits of habeas claims, does not apply when evidence is presented in support of preliminary procedural claims.  *See House v. Bell*, 547 U.S. 518, 539 (2006) (holding that § 2254(e)(2) did not apply to a gateway procedural claim of actual innocence); *see also Cristin v. Brennan*, 281 F.3d 404, 418-19 (3d Cir.2002).

**ORDER - 4**

>    recordings, plea agreements, and notes regarding Petitioner's co-defendants; and
>
> (6) Permission to conduct the deposition of Mr. Bujak regarding his representation of Petitioner.

(Docket No. 36, pp. 6-7.)

After considering the parties' arguments, the Court concludes that Petitioner has not shown good cause to the extent that his request is targeted to all records of law enforcement agencies, the trial prosecutor's office, and trial defense counsel. Petitioner's request in this regard is overbroad and vague; he has not revealed what he believes will likely be uncovered to justify the time, expense, and burden of requiring these entities to respond, nor has he tied the potential evidence to issues of equitable tolling or cause and prejudice. In addition, Petitioner's assertion that he is actually innocent of the crimes for which he was convicted is not supported by any new reliable evidence, and he is not entitled to launch an extensive exploration of various agencies' files in an effort to uncover some as yet undefined evidence to corroborate that assertion.

In contrast, the Court finds that Petitioner has shown good cause for his narrower request to depose attorney John J. Bujak and to obtain a copy of his file on Petitioner. Petitioner alleges that after he paid Mr. Bujak to handle post-conviction matters, Mr. Bujak told him that he had investigated the case, spoken with the co-defendants, and would raise claims of ineffective assistance of trial counsel. (Docket No. 31-2, ¶¶ 19-24.) Despite these assurances, according to Petitioner, Mr. Bujak failed to respond to any

**ORDER - 5**

additional requests for information and did nothing for nearly two years, potentially impairing Petitioner's right to review in the state and federal courts.  (Docket No. 31-2, ¶ 18.)

It is true, as Respondent notes, that an attorney's negligence in a post-conviction proceeding ordinarily will not equitably toll the statute of limitations or provide a valid reason to excuse a procedural default, but the Ninth Circuit has held that particularly "egregious" attorney misconduct may qualify.  *See Spitsyn v. Moore*, 345 F.3d 796, 800-01 (9th Cir. 2003) (finding a colorable claim for equitable tolling based on an attorney's misrepresentations and withholding of legal material); *see also Manning v. Foster*, 224 F.3d 1129 (9th Cir. 2000) (finding a potential excuse for procedural default when an attorney's actions effectively prevented a habeas petitioner from learning of and pursuing his right to petition for state post-conviction relief).  This Court expresses no opinion whether Petitioner will be able to show the requisite egregiousness, causation, and due diligence, but the Court nevertheless concludes that the allegations about Mr. Bujak's representation are sufficiently detailed and serious to warrant the requested limited discovery.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1. Petitioner's Motion for Discovery (Docket No. 31-1) is GRANTED in part and DENIED in part, as stated herein.  Petitioner may invoke the applicable Federal Rules of Civil Procedure governing discovery to depose John J.

**ORDER - 6**

   Bujak and to review and copy his file on Petitioner.  This discovery shall be completed within 45 days of the date of this Order.  All other requests for discovery are denied.

2. Petitioner's Motion for Additional Time (Docket No. 31-2) is GRANTED. Petitioner shall submit his supplemental brief in response to the Court's August 12, 2008 Order no later than 90 days from the date of the present Order.  Respondent may file a reply within 21 days of receiving Petitioner's brief.



DATED:  **December 11, 2008**.

Honorable Larry M. Boyle
U. S. Magistrate Judge

**ORDER - 7**