IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROBERTO CUEVAS-HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 07-0174-S-LMB |
| | ) | |
| vs. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| LAWRENCE WASDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court in this habeas corpus matter is the parties' supplemental briefing addressing whether this action should be dismissed either as untimely or because the habeas claims were not fairly presented to the state courts and are now procedurally defaulted. (Docket Nos. 40, 43.) Also pending is Respondent's Motion to Expand the Record. (Docket No. 44.)

The parties have consented to a United States Magistrate Judge conducting all proceedings, including ordering the entry of final judgment, in accordance with 28 U.S.C. § 636(c). (Docket No. 18.) The Court finds that the decisional process will not be aided by oral argument, and it shall resolve this matter on the written submissions and the record. D. Idaho L. Civ. R. 7.1(d). For the reasons set forth more fully herein, this case shall be dismissed with prejudice as untimely.

**MEMORANDUM DECISION AND ORDER - 1**

I.

# BACKGROUND

After a jury trial in state district court, Petitioner was convicted of possession of cocaine, possession of methamphetamine, delivery of cocaine, and delivery of methamphetamine. (State's Lodging A-1, pp. 63-66.) The trial court ordered the sentences on each of these convictions to be served consecutively, for a total controlling term of 16 to 60 years in prison. (State's Lodging A-1, pp. 71-78.)

With the assistance of the State Appellate Public Defender, Petitioner appealed the trial court's judgment. (State's Lodging A-1, pp. 96-99.) Before the state court appeal had concluded, however, Petitioner filed a pro se Petition for Writ of Habeas Corpus in this Court. (Case No. CV 04-0026-S-LMB.) On February 9, 2004, the Court dismissed the case without prejudice for failure to exhaust state court remedies. (Case No. CV 04-0026-S-LMB, Docket No. 6.)

The Idaho Court of Appeals affirmed the lower court's judgment in the direct appeal, and the Idaho Supreme Court declined to review Petitioner's case. (State's Lodgings B-3, B-6.) The direct appeal was completed with the issuance of the Remittitur on July 12, 2004. (State's Lodging B-7.)

Nothing had been pending in state or federal court for nearly three years when Petitioner initiated the current federal habeas action on April 9, 2007. In its Initial Review Order in the new case, the Court noted that the Petition appeared to have been filed beyond the expiration of the one-year statute of limitations in 28 U.S.C. § 2244(d),

**MEMORANDUM DECISION AND ORDER - 2**

and the Court provided Petitioner with an opportunity to demonstrate that the action should not be dismissed. (Docket No. 2, p. 4.) In his Response, Petitioner claimed that he had hired a private attorney, John J. Bujak, to represent him in post-conviction matters in 2004 but that Bujak failed to inform him for two years that the first habeas Petition had been dismissed. (Docket No. 5, p. 1-2.)

The Court ordered Respondent to file an Answer to the Petition. (Docket No. 6.) With his Answer, Respondent also filed a Motion for Summary Judgment, arguing that the case must be dismissed because it is untimely, the single habeas claim raised therein is procedurally defaulted, and the claim lacks merit. (Docket Nos. 12, 14.) Petitioner responded, in pertinent part, by asserting that the limitations period should be equitably tolled and any procedural default excused because of Bujak's failure to act after he was retained, and because Petitioner had been denied access to the legal documents in his case for several years. (Docket Nos. 26, pp. 1-5.)

The Court has since denied Respondent's Motion for Summary Judgment without prejudice to reconsideration and granted Petitioner's request to amend his Petition with several new claims. (Docket No. 29, p. 3.) The Court also appointed counsel to assist Petitioner in preparing and filing a supplemental brief, together with any supporting documentation, addressing whether he is entitled to equitable tolling and whether he can show cause and prejudice to excuse any procedural default. (Docket No. 29, p. 3.)

After engaging in limited discovery, which included deposing Bujak and receiving access to his file on Petitioner, the parties have filed their supplemental briefs. (Docket

**MEMORANDUM DECISION AND ORDER - 3**

Nos. 40, 43.)  Respondent has also submitted a Motion to Expand the Record to include some of the material obtained in discovery.  (Docket No. 44.)

After reviewing the parties' submissions and the record, the Court is now prepared to issue its ruling.

## II.

## MOTION TO EXPAND THE RECORD

Rule 7 of the Rules Governing Section 2254 Cases (Habeas Rules) gives a federal court the authority to expand the existing state court record with "materials relating to the petition."  One of the purposes of Rule 7 is to permit the court to dispose of habeas petitions without the time and expense of conducting an evidentiary hearing.  *See* Advisory Committee Note, Habeas Rule 7.

Respondent seeks to expand the record with material obtained during discovery from Attorney Bujak's legal file on Petitioner.  Petitioner has not objected or responded to the request.  Accordingly, the Court finds that this material relates to the statute of limitations and procedural default issues presently before the Court, and the record shall be expanded to include Appendices A, B, and C, attached to Respondent's Motion.

Petitioner has also submitted several exhibits as attachments to his Supplemental Brief.  While he has not filed a formal motion to expand the record with these exhibits, the Court finds that the material likewise relates to the pending issues, and the expanded record shall include Exhibits 1-10 attached to Affidavit of Roberto Cuevas-Hernandez in Support of Supplemental Brief, and Exhibits A-L attached to Affidavit of Elisa G.

**MEMORANDUM DECISION AND ORDER - 4**

Massoth in Support of Supplemental Brief. (Docket Nos. 41, 42.)

### III.

### STATUTE OF LIMITATIONS

**A.    Standard of Law**

Habeas petitions filed by state prisoners after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). The one-year period generally runs from the date on which the judgment of conviction became final in state court, either upon completion of direct review or after the time for seeking an appeal has expired. 28 U.S.C. § 2244(d)(1)(A).

The statute provides tolling (suspending) of the limitations period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This is known as "statutory tolling." The limitations period also may be tolled for fairness reasons when exceptional circumstances are present ("equitable tolling"). *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005). A litigant seeking equitable tolling bears the burden of establishing that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005).

A federal court has the authority to summarily dismiss a habeas petition if it is clear that the petitioner has not complied with the statute of limitations, and the petitioner

**MEMORANDUM DECISION AND ORDER - 5**

has had notice and an opportunity to address the issue. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001).

### B. Overview

The Idaho Supreme Court issued its Remittitur on July 12, 2004, and Petitioner's state court judgment became final for purposes of AEDPA's statute of limitations 90 days later, on October 11, 2004. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding that the period does not start until the time for filing a petition for certiorari in the United States Supreme Court has expired). Absent statutory or equitable tolling, the limitations period expired one year later, on October 11, 2005.

Petitioner did not have a properly-filed application for state post-conviction or collateral relief pending in the interim such that the limitations period was statutorily tolled under 28 U.S.C. § 2244(d)(2). In addition, Petitioner's premature federal habeas petition was dismissed for failure to exhaust before the limitations period even began to run, and, in any event, the pendency of a federal petition does not qualify a state prisoner for statutory tolling. *Duncan v. Walker*, 533 U.S. 167 (2001).

Petitioner acknowledges that unless he can show that he is entitled equitable tolling, his current Petition is untimely. He argues that Bujak's failure to act or to keep him informed of the circumstances of his case constituted an extraordinary circumstance that prevented him from complying with the statute of limitations. For the reasons that follow, the Court disagrees.

### C. Equitable Tolling

**MEMORANDUM DECISION AND ORDER - 6**

### 1. Background Facts

In the late spring or summer of 2004, Petitioner's brothers contacted Bujak at his office, seeking representation on Petitioner's behalf. (Deposition of John J. Bujak (Bujak Depo.), pp. 9-11.) By then, Petitioner's initial federal habeas petition had already been dismissed without prejudice for failure to exhaust, but his state court direct appeal was still pending. Petitioner's brothers did not know the status of Petitioner's cases, and Bujak has since testified that he decided to meet Petitioner personally to "figure out exactly what needed to be done." (Bujak Depo., p. 10.)

With the assistance of an interpreter, Bujak contacted Petitioner at the Idaho State Correctional Institution (ISCI). At that meeting, he agreed to conduct a preliminary investigation to determine whether Petitioner's legal situation merited "a post-conviction case, an appeal case, or a habeas case." (Bujak Depo., p. 10.) Bujak claims that Petitioner did not tell him that a federal habeas petition had already been filed and dismissed, and he allegedly would not discover this fact "until years later." (*Id.* at 10, 13.) Petitioner counters that he did not know that his petition had been dismissed when he met with Bujak,[1] but he recalls specifically hiring the attorney to work on the federal case, pursue state post-conviction relief, or otherwise "do whatever was necessary in my case." (Affidavit of Roberto Cuevas-Hernandez in Support of Supplemental Brief ("Cuevas-Hernandez Aff." ¶ 2.))

---

[1] The Certificate of Mailing on the Court's Order and Judgment dismissing in the earlier pro se habeas case on February 9, 2004, Case No. CV 04-0026-S-LMB, does not list Petitioner as a person to whom the Judgment was mailed. (*Id.* at Docket No. 7.)

**MEMORANDUM DECISION AND ORDER - 7**

Bujak contacted the court clerk of Twin Falls County, Petitioner's trial attorney, the prosecutor, and the State Appellate Public Defender to investigate the factual circumstances and procedural posture of Petitioner's case. (Bujak Depo., pp. 21-23.) He also located potential witnesses in prison, but they had been transferred or released before he was able to interview them, and he obtained copies of documents and pleadings that were filed in Petitioner's state court matter. (*Id*. at 26) Bujak understood Petitioner's primary complaint to be that an undisclosed plea bargain or deal had been made between a key state witness, Petitioner's defense counsel, and the prosecutor, but Bujak was unable to corroborate that claim with new evidence. (*Id*. at 12, 15, 51-53.)

In September 2004, two months after the Idaho Supreme Court denied review in the state court appeal, Petitioner's family paid Bujak $3,000. (Docket No. 44, Appendix B.) Bujak has since testified that he was aware that an application for state post-conviction relief must be filed within one year of the conclusion of the direct appeal and that a federal habeas petition also had a one-year statute of limitations. (*Id*. at 39-40.) He claims that Petitioner and he discussed the possibility of filing an application for post-conviction relief, but for reasons that he now cannot recall Petitioner instructed him not to file a post-conviction application and to focus instead on drafting a federal habeas petition. (Bujak Depo. pp. 29-33.) Petitioner denies that he told Bujak not to initiate a state post-conviction action. (Cuevas-Hernandez Aff. ¶ 11.)

Nearly a year later, in August of 2005, Petitioner wrote a letter to Bujak asking for copies of certain court documents and requesting an update on his case. (Docket No. 41,

**MEMORANDUM DECISION AND ORDER - 8**

Exhibit 1.) The October 11, 2005 deadline for submitting a federal petition came and went without any filings from Petitioner or his counsel. On October 29, 2005, Petitioner sent another letter to Bujak, referring to his previous letter and inquiring about the same matters. (*Id.*) These letters were in Bujak's file, but there is no record that he replied to either of them.

In March 2006, Petitioner was transferred from ISCI to a contract facility in Texas. (Cuevas-Hernandez Aff. ¶ 11.) Bujak believes that the transfer occurred earlier, and he claims that his office had difficulty communicating with Petitioner at one of the facilities in Texas. (Bujak Depo., p. 36.)

At some point in 2006, Bujak became aware of the dismissal of the first habeas petition, and he understood that if a new petition were filed, a "procedural issue" would exist because of the running of the statute of limitations and the lack of proper exhaustion in state court. (*Id.* at 32.) Nevertheless, he began to draft a petition. Petitioner claims that he had a telephone conversation with Bujak in June 2006 in which Bujak told him that state court remedies had been exhausted and that he was wrapping up work on the federal petition, which would be filed soon. (Cuevas-Hernandez Aff. ¶¶ 11-12.)

On August 7, 2006, Petitioner received a letter from the Clerk in Twin Falls County, and he learned that no post-conviction action had ever been filed. (Docket No. 41, Exhibit 2.) Two weeks later, Petitioner wrote to Bujak again, asking about the status of his case. (Docket No. 41, Exhibit 3.)

On October 3, 2006, Petitioner wrote a letter to the Clerk of this Court, seeking a

**MEMORANDUM DECISION AND ORDER - 9**

copy of the docket showing all filings in Case No. CV 04-0026-S-LMB. (Cuevas-Hernandez Aff., ¶ 18.) In that letter, he claimed that he had received no information about the case from either the Court or his attorney in almost three years. (Docket No. 41, Exhibit 4.) Petitioner then wrote to the federal and state courts, indicating that he was terminating his relationship with Bujak. (Docket No. 41, Exhibit 6.)

On December 7, Bujak forwarded a proposed federal habeas petition for Petitioner's review. (Bujak Depo., p. 43.) On December 22, Petitioner wrote Bujak, thanking him for the petition and informing him that his services were terminated. (Cuevas-Hernandez Aff., ¶ 22.)

Nearly four months later, on April 9, 2007, Petitioner signed the petition and filed it with this Court. He submitted several proposed claims in a proposed amended pleading on March 20, 2008.

### 2. Analysis

The Ninth Circuit Court of Appeals has held that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). As a result, ordinary attorney negligence, such as miscalculating a deadline, is not an extraordinary circumstance that warrants equitable tolling. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001); *Miranda*, 292 F.3d at 1068. Only attorney misconduct that is "sufficiently egregious" and that is the proximate cause of an untimely filing will equitably toll the limitations period. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

**MEMORANDUM DECISION AND ORDER - 10**

While the facts of the present case may show poor communication between Bujak and Petitioner regarding the goals and objectives of the representation, the Court does not find that Bujak engaged in the type of "egregious" attorney misconduct that would trigger equitable tolling of the limitations period. A comparison of this case to *Spitsyn* will reveal why this is so.

In *Spitsyn*, a state prisoner's mother retained an attorney to work on her son's federal habeas matter nearly a year before the limitations period was set to expire. 345 F.3d at 798. The prisoner and his mother wrote to counsel on several occasions asking about the case within the limitations period, but he never responded. *Id*. Two weeks before the deadline, the prisoner informed counsel in a letter that his services were terminated. *Id*. The deadline then passed with no habeas filing, and, three months later, counsel belatedly returned part of the petitioner's money and his legal file. *Id*. The prisoner filed his habeas petition 226 days after the deadline. *Id*. at 799.

On those facts, the Ninth Circuit Court of Appeals determined that counsel's actions were sufficiently egregious to constitute an extraordinary circumstance for equitable tolling purposes. 345 F.3d at 801. In reaching that conclusion, the Court of Appeals noted that counsel was hired specifically to file a federal habeas petition well in advance of the deadline, he ignored numerous contacts from petitioner and his mother and requests for the legal file, and he held the file hostage until well after the limitations period expired. *Id*. Still, the Court remanded to the district court to determine whether the petitioner exercised reasonable diligence in pursuing relief. *Id*. at 802.

**MEMORANDUM DECISION AND ORDER - 11**

Here, unlike the attorney in *Spitsyn*, who essentially did nothing in the face of repeated requests, Bujak was initially responsive to Petitioner and his family. He met with Petitioner soon after being contacted by Petitioner's brothers. He conducted an investigation, contacting prior attorneys and receiving documents from the state court case file, yet he could find no evidence to support Petitioner's main complaint that a secret deal had been formed with the State's key witness. (Bujak Depo, p. 15.) He also believed that it would be unwise for him to enter an appearance immediately in the case, because it was still pending a decision on appeal and the State Appellate Public Defender had briefed the issues. Petitioner expressed no displeasure with Bujak's representation, nor did he seek information, for over a year.

It is nonetheless true that Bujak's attention to Petitioner's case seems to have seriously waned by 2005. Indeed, a reasonable inference from the established facts is that after Bujak met with Petitioner, completed a preliminary investigation, and was paid a retainer, he did very little additional work on the case until 2006, long past the expiration of the statute of limitations for filing either a state or federal action. And despite his claim that he was aware of the state and federal statute of limitations, Bujak's apparent lack of urgency about getting a pleading on file by October 11, 2005, and his general inactivity during the relevant time period, indicate that he simply missed the deadline. While these facts might show ordinary negligence, however, they do rise to the level of "egregious" misconduct. *See*, *e.g.*, *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (holding that mis-calculating a deadline, or other such negligence, will not toll the

**MEMORANDUM DECISION AND ORDER - 12**

limitations period).

In addition, even if this case did share some of the same elements of attorney malfeasance with *Spitsyn*, Petitioner's claim for equitable tolling would not be meritorious because he did not exercise reasonable diligence throughout the entire time that must be tolled. *See Pace*, 544 U.S. at 418. Petitioner did not contact Bujak to inquire about activity in his case until the middle part of 2005, and he did not follow-up until the next summer. He also apparently did not contact the courts directly to check on the status of any state or federal matters until 2006, two years after his cases had been resolved. More importantly, he did not file the current Petition until April 2007–four months after he received the proposed pleading from Bujak and 18 months beyond the expiration of the limitations period–and he waited almost another year to submit several new claims in an Amended Petition. In short, for extended periods of time, Petitioner was not diligently attempting to develop his claims and to pursue habeas relief.

Accordingly, the Court concludes that Petitioner has not shown that he is entitled to equitable tolling. Because the Petition shall be dismissed on statute of limitations grounds, the Court will not address whether Petitioner can show cause and prejudice to excuse the procedural default of his claims.

## IV.

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal from the Court's judgment, the Court on its own initiative has evaluated the claims within the petition for suitability

**MEMORANDUM DECISION AND ORDER - 13**

for the issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002). A habeas petitioner cannot appeal unless a certificate of appealability has been issued. 28 U.S.C. § 2253.

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment shall either issue a certificate of appealability (COA) or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Applying these standards, the Court finds that reasonable jurists would not debate the Court's dismissal of this case on statute of limitations grounds, for the reasons given herein.

## V.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion to

**MEMORANDUM DECISION AND ORDER - 14**

Expand the Record (Docket No. 44) is GRANTED.

IT IS FURTHER ORDERED that this cause of action shall be DISMISSED as untimely.

IT IS FURTHER ORDERED that a certificate of appealability shall not issue over any claim in this case. Petitioner is advised that he may request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22, but to do so he must first file a timely notice of appeal in this Court.

IT IS FURTHER ORDERED that upon the filing of a notice of appeal, and not until such time, the Clerk shall forward a copy of the notice of appeal together with a copy of this Order to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov. If requested by the Ninth Circuit, the Clerk of Court shall forward a copy of the district court's file to the appellate court for its review.



DATED: **November 30, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 15**